FILED
United States Court of Appeals
Tenth Circuit

June 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

OSCAR PERALTA-CASTREJON, a/k/a
Oscar Castrejon-Peralta,

      Defendant - Appellant.

No. 15-6232
(D.C. No. 5:15-CR-00092-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

Pursuant to a plea agreement with a broad appeal waiver,

Oscar Peralta-Castrejon pleaded guilty to one count of possession with intent to

distribute approximately 16 kilograms of a mixture or substance containing a

detectable amount of cocaine powder and one count of illegal re-entry.  The district

court sentenced him to 120 months' imprisonment—the mandatory minimum—and

below the advisory guideline range of 121 to 151 months.  Despite his appeal waiver,

Mr. Peralta-Castrejon filed a notice of appeal.  In his docketing statement, he

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

indicated that he wanted to challenge his sentence.  The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

The attorney who filed the notice of appeal for Mr. Peralta-Castrejon subsequently moved to withdraw and this court appointed the Federal Public Defender's office to represent Mr. Peralta-Castrejon on appeal.  In the response to the motion to enforce, Mr. Peralta-Castrejon's new counsel stated his belief that opposition to the motion to enforce would be frivolous.  He therefore moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).  Consistent with the process outlined in *Anders*, we gave Mr. Peralta-Castrejon an opportunity to file a pro se response to the motion to enforce.  *See id*.  He did not file a response.

In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice."  We have conducted an independent examination of the record.  *See Anders*, 386 U.S. at 744.  We agree with the government and counsel for Mr. Peralta-Castrejon that the appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice.

Accordingly, we grant the motion to enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam